**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 17, 2019[*]
Decided May 17, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-3090

| | |
|---|---|
| DOLEN GLENN, *Petitioner-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:17-cv-00576-JMS-MJD |
| RICHARD BROWN, *Respondent-Appellee.* | Jane Magnus-Stinson, *Chief Judge.* |

**O R D E R**

Dolen Glenn, an Indiana prisoner, has petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, seeking restoration of good-time credits that he lost for possessing prohibited materials. He primarily argues that the prison denied him due process by limiting the presentation of his defense that, because the materials arrived through the prison's mailroom, his possession of them was permissible. The district court denied the petition. Because Glenn's "defense" is legally insufficient, we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

In June 2017, several books with suspected pedophilic content were confiscated from Glenn's cell at Wabash Valley Correctional Facility in Carlisle, Indiana. At least one book—which Glenn says he received through the prison's mail system—includes writings by boys as young as ten years old recounting their sexual encounters with adult men. Indiana bars inmates from possessing written materials describing child molestation or exploitation. *See* IND. DEP'T OF CORR., OFFENDER CORRESPONDENCE, No. 02–01–103, § XIX(H), at 22 (Sept. 2015), *available at* www.in.gov/idoc/3265.htm (last visited May 8, 2019). Consequently, a prison official charged Glenn with possessing prohibited materials.

Discipline came next. Glenn wanted to defend himself by arguing that the books were not prohibited because they had passed through the prison's mailroom, which is supposed to screen incoming materials. However, before his disciplinary hearing, the hearing board denied Glenn's request to present testimony from the books' distributor and publisher "for proof [that the] books came into [the] facility by mail." It also denied his request to cross-examine the mailroom worker who had written that, to her knowledge, the confiscated books had *not* arrived through the mail. The evidence considered at the hearing consisted of the investigation and conduct reports; letters and an invoice from the distributor; confiscated-property notices; excerpts from the prison's policy manuals and one of the books; photographs of the book covers; and witness statements. Based on this evidence, the hearing officer found Glenn guilty of possessing offensive materials and sanctioned him with a written reprimand, a 30-day loss of phone privileges, and a 90-day loss of earned good-time credits. Glenn's administrative appeals were denied, leading to this petition for writ of habeas corpus. In denying the petition, the district court explained that just because a prohibited item "passed or slipped through mailroom screening procedures … does not mean that [Glenn's] possession of it was authorized."

On appeal, Glenn primarily argues that the hearing officer violated due process by denying him the opportunity to present "exculpatory" evidence proving that he obtained the books through the prison's mail system. Glenn asserts that mailroom staff must have inspected and "approved" the books upon arrival at the facility. Therefore, he concludes, he believed in "good faith" that he was authorized to possess the books.

No violation of due process occurred. Prison rules prohibit *possession* of offensive materials, regardless of how an inmate obtains them. We have rejected as a defense to a possession charge the presence of prohibited writings in a book in the prison library; for

"prison librarians cannot be required to read every word of every book to which inmates might have access to make sure the book contains no incendiary material." *Toston v. Thurmer*, 689 F.3d 828, 829–30 (7th Cir. 2012). The same logic applies to the prison's mailroom, which handles an even greater volume of written materials coming in and out of the facility. Because the evidence that Glenn sought to present is irrelevant, its exclusion at the disciplinary hearing did not offend due process. *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974); *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016).

Glenn also contends that due process entitled him to present the distributor's "exculpatory" testimony that the confiscated books are not offensive and "do not … pose a threat to maintaining good order in prison." For support, he cites to *Brady v. Maryland*, 373 U.S. 83 (1963), which requires a prison to disclose, before a disciplinary hearing, any material, exculpatory evidence in its possession. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Glenn's argument is flawed in three respects. First, the *prison* did not possess the testimony that Glenn wanted to present, so *Brady* did not require its disclosure. Second, the distributor's belief that the prison should allow its books in the facility is not material to whether Glenn violated an established prison policy prohibiting them. Third, and in any event, Glenn did not present evidence of the distributor's belief to the district court, so that court had no reason to conclude that the prison had prevented a potentially valid defense. Thus, excluding this evidence offended neither *Brady*, *see id.*, nor due process. *See Ellison*, 820 F.3d at 274.

To the extent that Glenn challenges the sufficiency of the evidence supporting the hearing officer's decision, this argument also fails. Glenn admitted that the confiscated books were his, and the book excerpt submitted into evidence (describing sexual encounters between young boys and adult men) falls within the prison policy's prohibition of materials describing child molestation. The hearing officer's conclusion that Glenn possessed offensive materials therefore is supported by "some evidence." *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985).

We have considered Glenn's other arguments, and none has merit.

AFFIRMED